**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GARY BURTON, Individually and as Special                                PLAINTIFF
Administrator of the ESTATE OF
BILLIE JO BURTON, DECEASED

v.                                        No. 4:07CV00277 JLH

KATV, LLC                                                                                 DEFENDANT

**PROTECTIVE ORDER**

It is stipulated by and between the parties and it is hereby ordered that:

1. Any documentation or information copied or made available for inspection by defendant in response to plaintiff's Requests for Production Nos. 4 and 17 or both copied and made available for inspection shall be deemed confidential and subject to this Protective Order upon being appropriately labeled as "CONFIDENTIAL."

2. The parties may, by stipulation, agree that additional documentation or information shall be subject to the terms of this Protective Order. If the parties are unable to agree, then the party seeking to include documents or information within the purview of this Protective Order may apply to the Court for a determination. In the event documents or information are divulged under a claim of confidentiality, then the party asserting such claim shall have twenty (20) days from the date the document is so identified in which to file an appropriate motion seeking to bring the document within the purview of this Protective Order. During these twenty (20) days, and until final ruling by the Court, all documentation or information so identified shall be deemed to be confidential under the terms of this Protective Order.

3. All transcripts, exhibits, pleadings, discovery responses, production documents or things, and any other documents or things filed with the Court in this action which contain Confidential Information must be maintained under seal by filing the same in the Clerk's Office in

sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

4. All Confidential Information obtained by a party during the course of this proceeding must be maintained subject to the following restrictions:

(a) It shall be used for the purposes of this proceeding only and not used or disclosed for any other purpose whatsoever without the permission of the author of the document or the party producing it.

(b) Confidential Information shall not be given, shown, made available, communicated in any way to, or utilized by anyone other than:

(i) the parties in this lawsuit;
(ii) attorneys for either party (including office personnel in the ordinary course of assisting said attorneys, associates and paralegals, and to outside photocopy services if engaged to perform services for counsel);
(iii) expert witnesses retained for the purposes of this lawsuit;
(iv) the Court, in any further proceeding herein; and
(v) such other persons as the designating party may, in writing, agree.

Any person granted access to Confidential Information must be given a copy of this Protective Order prior to being shown any Confidential Information, and its provisions shall be explained to that person by an attorney. Each such person, prior to having access to any such Confidential Information, must agree not to disclose Confidential Information to anyone not authorized by this Court to have access to Confidential Information and must further agree not to make use of any such Confidential Information other than for purposes of this action.

5. In the event that counsel for a receiving party finds it necessary to disclose a designating party's Confidential Information to persons other than those persons approved to receive

such Confidential Information, the receiving party's counsel must, no less than fourteen (14) days in advance of such disclosure, notify the designating party's counsel in writing of: (1) the Confidential Information to be disclosed; (b) the person(s) to whom such disclosure is to be made; (c) the address and present employer of said person(s); and (d) past and present relationships, if any, with the receiving party or its counsel. The designating party's counsel shall have twenty (20) days after receipt of such written notice within which to object in writing to such disclosure. In the event objection is made, no disclosure shall be made without further order of the Court, upon the application of the receiving party.

6. Upon termination of this litigation, whether by final judgment after appeal or by settlement, each party and other person subject to the terms hereof must assemble and return to the designating party or, at the option of the receiving party, destroy all materials and documents designated as Confidential Information, as well as any and all copies thereof.

7. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege. Such inadvertently produced documents shall be returned to the producing party upon request.

8. This Protective Order is without prejudice to the right of any party hereto to introduce Confidential Information at a trial of this proceeding.

The motion for protective order is GRANTED. Document #8.

IT IS SO ORDERED this 26th day of October, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE